■ PAUL SMITH'S COLLEGE OF ARTS AND SCIENCES, Respondent, v MARIO CUOMO, as Governor of the State of New York, et al., Appellants.—Weiss, P. J. Appeal from an order of the Supreme Court (Harris, J.), entered September 3, 1991 in Albany County, which converted an application, brought pursuant to CPLR article 78, into an action for, *inter alia,* declaratory judgment and enjoined defendants from making public certain information regarding a discrimination claim.

Plaintiff was the subject of a complaint made by a former employee who alleged that he was a victim of age discrimination. Prior to a scheduled hearing and with the assistance of an employee of defendant State Division of Human Rights (hereinafter SDHR), plaintiff entered into a stipulation of settlement with the complaining employee. Plaintiff's stated purpose for settling was to eliminate any negative publicity resulting from a public hearing on the allegations. The order after stipulation signed by defendant Commissioner of Human Rights on August 23, 1989 provided for absolute confidentiality except for enforcement purposes. The order also provided for the withdrawal of the charges and discontinuance of the administrative proceeding. Plaintiff did not admit to a Human Rights Law violation. On October 27, 1989, SDHR issued a press release detailing the allegations, disclosing that the matter had been settled and set forth certain parts of the settlement terms.

Plaintiff commenced this CPLR article 78 proceeding challenging defendants' determination to make an actual disclosure as arbitrary and capricious, seeking a declaration with respect to plaintiff's rights relative to defendants' actions, and enjoining defendants from further disclosure. In addition, plaintiff sought money damages. After an earlier motion resulted in the dismissal of the monetary claims, Supreme Court converted the proceeding into an action for declaratory and injunctive relief, declared that the Commissioner in his capacity as head of SDHR was bound by the agreement, found that SDHR had violated the order after stipulation and frustrated the intent of the agreement, and further found that the breach by SDHR was not necessary in order to inform the

public of available procedures and remedies for discriminatory actions. The court enjoined SDHR from making further disclosures. Defendants have appealed.

SDHR contends that, because it was neither a party to nor signatory of the settlement stipulation, it was not bound by its terms and that by law it retains the right to disclose the terms of any order it has issued. Initially, it must be noted that SDHR represented the individual claimant in the prosecution of his grievance, that SDHR through its attorney fully and actively participated in the settlement negotiations without reserving a right of disclosure or indicating the possibility it might make active disclosure, and that SDHR through its Commissioner, executed the order after settlement directing the parties not to disclose the settlement. It is, to say the least, ironic for SDHR on its own affirmative initiative, to disclose the settlement by means of a press release made under the specious reasoning that SDHR reserved the right to inform the public of the procedures available to persons who feel they are victims of discrimination.* Plaintiff clearly established that the disclosure decision by SDHR was both arbitrary and capricious and an abuse of discretion serving no function but to rob plaintiff of the benefit of its settlement bargain.

Because, however, plaintiff has failed to appeal from that portion of the order converting the CPLR article 78 proceeding into a civil action, and because defendants affirmatively represent to the court that the conduct complained of (i.e., active disclosure of the settlement) is not continuing, the issues concerning further disclosure have been rendered essentially moot. The only area of disclosure that is not moot is that involving the Freedom of Information Law (Public Officers Law art 6) and, accordingly, we modify Supreme Court's order to the extent that SDHR was enjoined from further disclosure of the settlement stipulation pursuant to requests made under Public Officers Law article 6.

Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as enjoined disclosure by defendants pursuant to requests under Public Officers Law article 6, and, as so modified, affirmed.

---

* In a letter dated October 30, 1989 by the Director of Public Information of SDHR, which was unspecifically addressed to plaintiff enclosing the press release, this reasoning was set forth. The press release, however, makes no attempt to inform the public of procedures which are available.